IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM MARCINKEVICH, | : | |
|---|---|---|
| Plaintiff, | : | Civil Action No. 4:08-CV-00958 |
| v. | : | (Judge McClure) |
| C.O. GANTZ, C.O. THOMAS LAGOOZI, C.O. DONNIE LAVIN, C.O. JACK GILROY, C.O. MALONEY, CPT. KATZ, D.W. AL JOYCE, WARDEN JANINE DONATE, and JOHN DOE, 2ND SHIFT COMMANDER ON 11/22/07, | : | |
| Defendants. | : | |

**MEMORANDUM**

November 23, 2010

## I. INTRODUCTION

On May 16, 2008, plaintiff William Marcinkevich, pro se, instituted this civil action pursuant to 42 U.S.C. § 1983. (Rec. Doc. No. 1).[1] The named

---

[1] Attached to the plaintiff's complaint are documents labeled as Exhibits "A" through "S." (Rec. Doc. No. 1 at 6-22). These documents include, inter alia, grievances and appeals filed by Marcinkevich and documentation relating to the plaintiff's seeking legal representation. (Id.). The plaintiff filed additional exhibits on June 9, 2008. (Rec. Doc. No. 10).

defendants are Lackawanna County Prison ("LCP") Correctional Officers Ganz[2], Thomas Lagoozi, Donnie Lavin, and Jack Gilroy; Grievance Coordinator and Correctional Officer Maloney; Captain Katz; Deputy Warden Al Joyce, Warden Janine Donate; and a Second Shift Commander John Doe. (Id.). The plaintiff's claims arise from his time while incarcerated at the LCP. Marcinkevich alleges that the defendants violated his rights by allowing a security breach to take place on November 22, 2007, in which plaintiff claims that he was assaulted; subsequently covered up the incident; discriminated against the plaintiff; and retaliated against him for filing the instant lawsuit. (Id. at 3-4). Marcinkevich appears to allege violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id.).

The plaintiff seeks as relief monetary and punitive damages totaling $3.5 million, as well as injunctive relief. (Id. at 5). Marcinkevich asks that those involved in the incident "not be allowed to work around inmates," that Correctional Officer Ganz be fired, that signed apologies by the defendants be given to the plaintiff, that plaintiff be provided attorney's fees, that the "right[ing]

---

[2] On May 21, 2008, Marcinkevich filed a motion in which he sought to amend his complaint by correcting the spelling of Ganz's name from "Gantz" to "Ganz." (Rec. Doc. No. 7). This motion was granted on May 27, 2008. (Rec. Doc. No. 9).

2

of all wrongs done to [plaintiff]" be made, and that the plaintiff be provided compensation for the mental and emotional damages he allegedly suffered. (Id.).

## II. PROCEDURAL HISTORY

The matter initially was referred to United States Magistrate Judge Malachy E. Mannion.

The plaintiff filed a motion to appoint counsel on May 16 and July 10, 2008. (Rec. Doc. Nos. 4, 14). On July 16, 2008, Magistrate Judge Mannion denied these motions. (Rec. Doc. No. 16). Plaintiff also filed a motion to appoint counsel on August 25, 2008. (Rec. Doc. No. 30). This motion was similarly denied by the magistrate judge on August 28, 2008. (Rec. Doc. No. 31). The magistrate judge denied a fourth motion to appoint counsel on April 12, 2010. (Rec. Doc. Nos. 53, 60).

After filing a motion seeking leave to file an answer to the plaintiff's amended complaint nunc pro tunc, which was granted by Magistrate Judge Mannion (Rec. Doc. Nos. 17, 18), the defendants filed an answer to the plaintiff's amended complaint on July 17, 2008. (Rec. Doc. No. 19).

After a protracted period of discovery, in which motions to compel (Rec. Doc. Nos. 45, 47, 53, 63, 64, 65 ) were filed by the plaintiff and motions for extensions of time (Rec. Doc. Nos. 36, 51, 57, 59, 71 ) were sought by both parties,

a non-jury trial was scheduled for October 26, 2010, before the undersigned judge in Scranton, Pennsylvania. (Rec. Doc. No. 75).

On September 8, 2010, the defendants filed a motion seeking to continue trial in light of a previously scheduled trial commitment. (Rec. Doc. No. 76). The court granted this motion and rescheduled the non-jury trial for November 4, 2010, to take place in Scranton, Pennsylvania. (Rec. Doc. No. 77).

Thereafter, on October 4, 2010, defendants filed a motion for an extension of time in which to file dispositive motions. (Rec. Doc. No. 78). In this motion, defendants indicated that they had recently received the LCP's investigative file concerning the November 22, 2007 incident involving the plaintiff. (Id. at 2). As such, the defendants sought permission to file a motion for summary judgment within ten days, or as otherwise directed by the court. (Id.). On October 7, 2010, this court granted the defendants' motion. (Rec. Doc. No. 80).

On October 21, 2010, the defendants filed their motion for summary judgment, a statement of material facts, and their brief in support. (Rec. Doc. Nos. 82, 84, and 85).[3] Defendants contend that the plaintiff fails to state a claim upon

---

[3] On October 21, 2010, this court issued an order continuing the non-jury trial scheduled for November 4, 2010, noting that the non-jury trial would be rescheduled, if necessary, upon the disposition of the defendants' motion for summary judgment. (Rec. Doc. No. 81).

4

which relief can be granted under § 1983, fails to state a claim under the Due Process Clause or the Eighth Amendment, and has failed to fully exhaust those administrative remedies available to him, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). (Rec. Doc. No. 82 at 1-2). The plaintiff's brief in opposition was due no later than November 8, 2010. The plaintiff has yet to file any brief in opposition or a responsive statement of material facts.

### III. DISCUSSION

While motions for summary judgment are subject to the Federal Rules of Civil Procedure, such motions are also subject to a District Court's local rules. As such, motions in this District Court must also comply with the United States District Court for the Middle District of Pennsylvania Rules of Court ("Local Rules"). Local Rule 56.1, which pertains to motions for summary judgment, provides the following:

> A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

5

> *Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.*
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

(Middle District Local Rule 56.1) (emphasis added).

Here, in light of the above, we find the defendants' motion for summary judgment to be deficient. Most notably, the defendants have failed to provide any citations to the record, as required by Local Rule 56.1, in their statement of material facts. (See Rec. Doc. No. 84). In addition, although the defendants state that "[t]he Plaintiff did not fully exhaust available administrative remedies within the prison, and the [LCP] has no record of the Plaintiff fully exhausting his available remedies" (id. at 2), the defendants point to no evidence in the record to support such a conclusion. Based on the defendants' statement of material facts, this court cannot properly consider or rule on the defendants' motion for summary judgment. See Lott v. Morgan Stanley Dean Witter & Co. Long-Term Disability Plan, 2004 U.S. Dist. LEXIS 19471, at *5 (S.D.N.Y. Sept. 24, 2004) (finding the defendants' motion to be "fatally deficient," as the motion failed "to provide all the necessary information to adjudicate a motion for summary judgment under the Local Rules").

## IV.  CONCLUSION

In light of the above, we will deny the defendants' motion for summary judgment, without prejudice.  (Rec. Doc. No. 82).  We will allow the defendants fourteen (14) days in which they may file a motion for summary judgment with proper documentation and references to the record, as required by Local Rule 56.1.  Plaintiff will be allowed an additional fourteen (14) days to respond.  A reply brief by the defendants will be allowed pursuant to the requirements of the Local Rules.

    s/ James F. McClure, Jr.    
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MARCINKEVICH, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 4:08-CV-00958 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| C.O. GANTZ, C.O. THOMAS LAGOOZI, C.O. DONNIE LAVIN, C.O. JACK GILROY, C.O. MALONEY, CPT. KATZ, D.W. AL JOYCE, WARDEN JANINE DONATE, and JOHN DOE, 2ND SHIFT COMMANDER ON 11/22/07, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

November 23, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The defendants' motion for summary judgment (Rec. Doc. No. 82) is **DENIED,** without prejudice.

2. Defendants are allowed fourteen (14) days from the date of this order to file a motion for summary judgment, a brief in support, and a statement of material facts. The statement of material facts shall

8

contain references to the record and be supported by proper documentation, as required by Local Rule 56.1.

3. Plaintiff is allowed an additional fourteen (14) days to respond, after service of the defendants' brief, in accordance with Local Rules 7.6 and 56.1.

4. Defendants may file a reply brief, if they so choose, within fourteen (14) days after service of the plaintiff's brief in opposition, as required pursuant to Local Rule 7.7.

                                                s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge