IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MARCINKEVICH, | : | Civil Action No. 4:08-CV-00958 |
| Plaintiff, | : | |
| v. | : | (Chief Judge Kane) |
| C.O. GANTZ, C.O. THOMAS LAGOOZI, C.O. DONNIE LAVIN, C.O. JACK GILROY, C.O. MALONEY, CPT. KATZ, D.W. AL JOYCE, WARDEN JANINE DONATE, and JOHN DOE, 2ND SHIFT COMMANDER ON 11/22/07, | : | |
| Defendants. | : | |

## **MEMORANDUM**

**I.   INTRODUCTION**

On May 16, 2008, plaintiff William Marcinkevich, pro se, instituted this civil action under 42 U.S.C. § 1983. (Rec. Doc. No. 1).[1] Named as defendants were Lackawanna County Prison ("LCP") Correctional Officers Ganz, Thomas Lagoozi, Donnie Lavin, and Jack Gilroy; Grievance Coordinator and Correctional Officer Maloney; Captain Katz; Deputy Warden Al Joyce, Warden Janine Donate;

---

[1] Attached to the plaintiff's complaint were documents labeled as Exhibits A through S. (Rec. Doc. No. 1 at 6-22). These documents include, inter alia, grievances and appeals filed by Marcinkevich and documentation relating to the plaintiff's seeking legal representation. (Id.). The plaintiff filed additional exhibits on June 9, 2008. (Rec. Doc. No. 10).

and a Second Shift Commander John Doe. (Id.). The plaintiff's claims arise from his time while incarcerated at the LCP. More specifically, Marcinkevich alleges the defendants violated his rights by allowing a security breach to take place on November 22, 2007, in which plaintiff claims that he was assaulted; covering up the incident; discriminating against the plaintiff; and retaliating against the plaintiff for filing the instant lawsuit. (Id. at 3-4). Marcinkevich appears to allege violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id.).

The plaintiff seeks as relief monetary and punitive damages totaling $3.5 million, as well as injunctive relief. (Id. at 5).

## II. PROCEDURAL HISTORY

The matter initially was referred to United States Magistrate Judge Malachy E. Mannion.

After a protracted period of discovery, in which motions to compel (Rec. Doc. Nos. 45, 47, 53, 63, 64, 65 ) were filed by the plaintiff and motions for extensions of time (Rec. Doc. Nos. 36, 51, 57, 59, 71 ) were sought by both parties, a non-jury trial was finally scheduled for October 26, 2010, before the Honorable James F. McClure, Jr.[2] in Scranton, Pennsylvania. (Rec. Doc. No. 75).

---

[2] The matter was reassigned to the undersigned on December 22, 2010.

On September 8, 2010, the defendants filed a motion seeking to continue trial in light of a previously scheduled trial commitment. (Rec. Doc. No. 76). Judge McClure granted the motion and rescheduled the non-jury trial for November 4, 2010, to take place in Scranton, Pennsylvania. (Rec. Doc. No. 77).

Thereafter, on October 4, 2010, defendants filed a motion for an extension of time in which to file dispositive motions. (Rec. Doc. No. 78). In this motion, defendants indicated that they had recently received the LCP's investigative file concerning the November 22, 2007 incident involving the plaintiff. (Id. at 2). As such, the defendants sought permission to file a motion for summary judgment within ten days, or as otherwise directed by the court. (Id.). On October 7, 2010, the court granted the defendants' motion. (Rec. Doc. No. 80).

On October 21, 2010, the defendants filed their motion for summary judgment, the requisite statement of material facts, and their brief in support. (Rec. Doc. Nos. 82, 84, and 85).[3] With their motion, defendants contended that the plaintiff failed to state a claim upon which relief could be granted under § 1983, failed to state a claim under the Due Process Clause or the Eighth Amendment, and had failed to fully exhaust those administrative remedies available to him, pursuant

---

[3] On October 21, 2010, Judge McClure issued an order continuing the non-jury trial scheduled for November 4, 2010, and noting that the non-jury trial would be rescheduled, if necessary, upon the disposition of the defendants' motion for summary judgment. (Rec. Doc. No. 81).

3

to the Prison Litigation Reform Act. (Rec. Doc. No. 82 at 1-2). On November 23, 2010, Judge McCLure denied the defendants' motion for summary judgment, without prejudice, in light of the defendants' failure to provide citations to the record in their statement of material facts, as required by Middle District Local Rule 56.1 (Rec. Doc. No. 86 at 6). Judge McClure allowed the defendants fourteen days in which to file a motion for summary judgment with a statement of material facts containing proper documentation and references to the record. (Id. at 7).

Upon a status report order issued by the undersigned on January 5, 2011 (Rec. Doc. No. 87), the defendants filed a Renewed Motion for Summary Judgment (Doc. No. 88), a brief in support (Doc. No. 89), and a statement of material facts (Doc. No. 90) on January 26, 2011. The plaintiff, however, failed to file a brief in opposition to the motion for summary judgment or a responsive statement of material facts. On February 28, 2011, this court issued an order to show cause why the court should not treat defendants' motion as being unopposed. (Rec. Doc. No. 92 at 1).[4] This court warned plaintiff that if he failed to comply with the order, the court may rule on the motion as currently filed. To date, no responsive documents have been received by the court.

---

[4] This order was returned as undeliverable on March 8, 2011. (Rec. Doc. No. 93). No forwarding address was provided.

In light of the following we will grant the defendants' Renewed Motion for Summary Judgment (Rec. Doc. No. 88) and close the case file.

## III. STATEMENT OF FACTS[5]

Construing the facts in a light most favorable to the plaintiff, here the non-moving party, the following facts are not in dispute.

On November 22, 2007, when he was in his cell, plaintiff William Marcinkevich was punched, apparently in the face, by fellow inmate Shawn Isom. Prior to this incident, plaintiff Marcinkevich had not complained to any defendants about a specific threat posed by inmate Isom or any other inmate. Similarly, the defendants did not receive any evidence of any threats made against plaintiff Marcinkevich.

Plaintiff Marcinkevich did not immediately report the November 22, 2007 incident; instead, he disclosed the incident only when corrections officers noted that Marcinkevich had bruising around his eyes. Marcinkevich did not request, or require, medical treatment in connection with this incident.

---

[5] Pursuant to Local Rule 56.1, the moving party is required to file a statement of material facts in support of the motion for summary judgment, and the non-moving party is required to file a responsive statement of facts. Both parties are required to "include references to the parts of the record that support the statements." As the plaintiff has failed to file a responsive statement of material facts, we will adopt those facts as stated by the defendants, with proper references to the record, as undisputed.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. P. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id., Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; instead, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V.     DISCUSSION

### I. Exhaustion of Administrative Remedies

"The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level." Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (citing 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (citation omitted); see also id. "[P]risoners must exhaust all 'available' remedies, even where the relief sought cannot be granted through the administrative process." Williams, 482 F.3d at 639 (citing Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). "Additionally, the PLRA requires 'proper exhaustion,' meaning that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies

'available.'" Id. Failure to properly exhaust administrative remedies will result in the procedural default of a prisoner's claim. Spruill v. Gillis, 372 F.3d 218, 230-32 (3d Cir. 2004).

However, a prisoner is not required to allege that administrative remedies have been exhausted. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. Id. As such, it must be pled and proven by the defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

In the instant case the defendants have pled the failure to exhaust administrative remedies as an affirmative defense (Rec. Doc. No. 19 at 2); however, the submitted evidence simply does not establish such failure to exhaust. In their statement of material facts, the defendants' claim that the LCP "has no record or documentation of the Plaintiff exhausting his available administrative remedies relative to his claims in this case." (Rec. Doc. No. 90 at 2). However, this fact is unsupported by any submitted evidence, as the court had previously indicated in its November 23, 2010 memorandum and order. (See Rec. Doc. No. 86 at 6). The defendants could have supported such a conclusion with proper evidence; for example, the defendants might have submitted the declaration of a Department of Corrections ("DOC") employee who had access to the DOC's

inmate grievance tracking system. See Johnson v. Joseph Rush, P.A., No. 06-CV-0627, 2010 WL 5018567, at *4-5, 2010 U.S. Dist. LEXIS 128199, at *11-13 (M.D. Pa. Dec. 3, 2010) (Kane, C.J.) (concluding that there was no genuine issue of material fact that the plaintiff had failed to exhaust available administrative remedies when the defendant had submitted a declaration of an Administrative Officer II in the DOC Secretary's Office of Inmate Appeals stating that the plaintiff had failed to exhaust the DOC inmate grievance process).

In light of the foregoing, the court will deny the defendants' Renewed Motion for Summary Judgment as to the defendants' contention that the plaintiff has failed to fully exhaust those administrative remedies available to him.

## II. The Lack of Evidence of a Constitutional Violation

However, the defendants also contend that there is simply no evidence of a constitutional violation. The court agrees.

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

> shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id.; see also Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a civil rights claim, the plaintiff must show a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The Eighth Amendment obligates a prison official to "take reasonable measures . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). A prison official may be held liable under the Eighth Amendment where he or she knew that an inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Id. at 847. Negligence, or the lack of due care under the circumstances, is insufficient to support a claim that a prison official failed to protect the inmate. Davidson v. Cannon, 474 U.S. 344, 347, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

To establish that a prison official violated the Eighth Amendment by failing to prevent harm, an inmate must satisfy a two-pronged test. Farmer, 511 U.S. at 834. An inmate must show (1) that the prison conditions posed a substantial risk of serious harm, and (2) that the prison official was deliberately indifferent to the

inmate's health or safety. Id. Deliberate indifference is the reckless disregard of a known, excessive risk of serious harm to an inmate's health or safety. Id. at 836. To constitute deliberate indifference as defined in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Furthermore, this element of deliberate indifference must be viewed from the prison official's perspective at the time in question, not with hindsight's perfect vision. Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998).

Quite simply, there is a total lack of evidence concerning the occurrence of any constitutional violation in the instant case. The undisputed evidence before this court is that Marcinkevich was the victim of an isolated assault. Marcinkevich had not complained to any of the defendants about a threat posed by the assailant or any other inmate, and the defendants had not received any evidence of any such threat. In fact, corrections officers at the prison only learned of the assault some four days later, after a corrections officer notice bruising around Marcinkevich's eyes. Marcinkevich niether requested nor required medical attention regarding the assault.

In light of the above undisputed facts, it is clear to the court that there exists no evidence that would support any of the plaintiff's constitutional claims.

Therefore, the court will grant the defendants' Renewed Motion for Summary Judgment. (Rec. Doc. No. 88).

                         s/ Yvette Kane
                         Yvette Kane, Chief Judge
                         U.S. District Court
                         Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MARCINKEVICH, | : | Civil Action No. 4:08-CV-00958 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| C.O. GANTZ, C.O. THOMAS LAGOOZI, C.O. DONNIE LAVIN, C.O. JACK GILROY, C.O. MALONEY, CPT. KATZ, D.W. AL JOYCE, WARDEN JANINE DONATE, and JOHN DOE, 2ND SHIFT COMMANDER ON 11/22/07, | : : : : : : : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Now, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Defendants' Renewed Motion for Summary Judgment (Rec. Doc. No. 88) is **GRANTED**.

2. The Clerk is directed to enter final judgment in favor of the Defendants and against the Plaintiff.

3. The Clerk is directed to close the case file.

                                                      s/ Yvette Kane
                                                      Yvette Kane, Chief Judge

                                                          U.S. District Court
                                                          Middle District of Pennsylvania

Dated: April 11, 2011